**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA WITRAGO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>　　　　　Defendant. | CASE NO. CV 10-04813 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　Plaintiff Juana Witrago seeks review of the Commissioner's decision denying her application for disability benefits. Two of her three arguments are unpersuasive. The third argument, however, entitles her to a remand.

　　　　Plaintiff first claims that the Administrative Law Judge failed to articulate any rationale rejecting the opinions of the medical expert, specifically his assessment that Plaintiff had moderate limitations in certain categories in the B criteria. The Court disagrees. The medical expert considered those categories for the purpose of determining whether Plaintiff had a severe impairment, which he opined she did. The Administrative Law Judge concurred. [AR 12] Nothing more was required as to the B criteria.

　　　　Plaintiff next claims that the Administrative Law Judge failed to properly assess the severity of her hearing impairment. It is unclear what Plaintiff's argument is here. At one point, she appears to be saying that the Administrative Law Judge wrongly

concluded that Plaintiff did not meet one of the listings, but at the hearing Plaintiff's counsel conceded that Plaintiff did not meet a listing. [AR 30 "I concur, she doesn't meet the — she's not at listing level, that's for sure."] Plaintiff also appears to contend that Plaintiff's hearing loss is more significant than the Administrative Law Judge found, relying on extra-record materials, including an on-line article in Wikipedia. The Court does not go outside the record. Plaintiff protests the Administrative Law Judge's statement that Plaintiff appeared to be able to hear at the hearing, but the Administrative Law Judge only said so in response to Plaintiff's testimony that her hearing difficulties precluded her from working [AR 13-14], and the contrast between her statement of an inability to work with her ability to respond to the hearing environment is a sufficient basis for discrediting that particular statement. Finally, Plaintiff argues that the ability of hearing aids to mitigate her hearing loss should not be considered because she does not have hearing aids. It is perfectly appropriate, however, for an administrative law judge to take into account the fact that an impairment could be reduced if corrective measures were taken. 20 C.F.R. §§ 404.1530; 416.1530.

Plaintiff's third argument is that the Administrative law Judge failed to carry the Administration's burden at Step 5. The Court agrees with this argument. The Administrative Law Judge stated that Plaintiff would be non-disabled under the grids if her impairments were all exertional, but that, since she had non-exertional impairments he asked the vocational expert whether Plaintiff qualified for other jobs in the economy. He then said that, based on the vocational expert's testimony, Plaintiff has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy. [AR 15-16]

These findings are not supported by the record before the Court. The vocational expert's testimony was very brief. He (the vocational expert is not identified by name in the transcript) described Plaintiff's past relevant work as stock clerk, said that it was heavy work as described in the Dictionary of Occupational Titles and light work as actually performed, and then responded to the Administrative Law Judge's questions about

her residual functional capacity and ability to perform her past relevant work. [AR 31-32] Counsel for the claimant then asked hypothetical questions enlarging the parameters identified by the Administrative Law Judge and, based on those parameters, the vocational expert testified that there would be no work available for the Plaintiff. [AR 33]  But the Administrative Law Judge never asked about other work in the economy; the record simply did not exist for the Administrative Law Judge's conclusion.

The Administrative Law Judge found that Plaintiff could not perform her past relevant work. [AR 14]  Therefore, he had to proceed to Step 5, and find that there were other jobs Plaintiff could perform.  The Administrative Law Judge must use a vocational expert, rather than rely on the grids alone, where there is a non-exertional impairment that is sufficiently severe that it limits the claimant's capacity in ways not contemplated by the grids.  *Aukland v. Massanari*, 257 F.3d 1033, 1034 (9th Cir. 2001); *Desrossiers v. Secretary of Health and Human Services*, 846 F.2d 573, 577-78 (9th Cir. 1988).  Hearing loss is clearly a non-exertional limitation, but the Administrative Law Judge did not adduce the proper testimony here.  Therefore, the matter must be remanded for further amplification.

In accordance with the foregoing, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this memorandum opinion.

IT IS SO ORDERED.

DATED:   January 21, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE